UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 18 2019  ★

LONG ISLAND OFFICE

--------------------------------------------------------X
PIERRE SANCHEZ,

                Plaintiff,

      -against-

NASSAU COUNTY, et al.,

                Defendants.
--------------------------------------------------------X

ORDER
17-CV-7335 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

On May 30, 2018, the Court designated the Amended Complaint, filed on May 14, 2018

by *pro se* plaintiff Pierre Sanchez ("plaintiff") (ECF No. 19), as the operative pleading in this case

(ECF No. 22).[1] The Amended Complaint includes allegations against Nassau County, the Nassau

County Sheriff's Department, Sheriff Michael Sposato, Armor Correctional Health Services of

New York, Inc ("Armor")[2], and five unnamed Nassau County correction officers, relating to an

incident in the recreation yard at the Nassau County Correctional Center. (*See generally* Am.

Compl.) On June 4, 2018, plaintiff filed a "Notice of Filing Additional Supplement to the

Amended Complaint," which included other arguments and factual allegations relating to the time

period preceding and following the incident alleged in the Amended Complaint. (ECF No. 24.)

Plaintiff filed his first motion for summary judgment on June 28, 2018. (ECF No. 27.) On July

24, 2018, Nassau County, the Nassau County Sheriff's Department, and Sheriff Michael Sposato

("County defendants") filed an answer to the amended complaint. (ECF No. 37.) On August

---

[1] The Court notes that the initial Complaint in this case was filed on December 18, 2017 (ECF No. 1), and multiple other filings were made prior to the Court's Order designating the May 14, 2018 Amended Complaint as the operative pleading. The Court has carefully reviewed, and now adopts, the entirety of the procedural history outlined in Magistrate Judge Tomlinson's Report and Recommendation ("R&R") (ECF No. 74). For the purposes of the instant Order, only the filings directly relevant to the adoption of the analysis and conclusions in the R&R are listed.

[2] Armor was incorrectly sued in this action as Armor Medical Group.

16, 2018, Armor filed its motion to dismiss. (ECF No. 47.) On August 29, 2018, plaintiff filed two separate opposition documents in response to Armor's motion to dismiss, as well as a second motion for summary judgment. (ECF Nos. 50-52.) Armor filed its reply memorandum in further support of the motion to dismiss on October 1, 2018. (ECF No. 55.)

By Order dated October 5, 2018, the Court referred Armor's motion to dismiss and plaintiff's summary judgment motions to Magistrate Judge Tomlinson for a report and recommendation. (ECF No. 56.) On October 15, 2018, plaintiff filed a letter raising additional allegations against Armor, including that Armor employees were smuggling razors into Nassau County Correctional Center, as well as making additional arguments in opposition to Armor's motion to dismiss. (ECF No. 57.) On October 18, 2018, plaintiff filed another letter, which included additional arguments in support of his motions for summary judgment, and in which he requested that the Court view video footage of the incident complained of in the Amended Complaint. (ECF No. 58.)

On February 28, 2019, Magistrate Judge Tomlinson issued an R&R. (ECF No. 74.) The R&R recommended that the Court grant Armor's motion to dismiss as to any Section 1983 claim and any negligent hiring or retention claim against Armor, without a recommendation as to whether the dismissal should be with prejudice. (*Id.* at 24.) Additionally, the R&R recommended that the Court deny plaintiff's motions for summary judgment without prejudice, with leave to re-file after the close of discovery. (*Id.* at 9.) On March 13, 2019, plaintiff filed a "response/objection" to the portion of the R&R relating to the dismissal of his summary judgment motions, contending that defendants did not oppose those motions. (ECF No. 77.) The Court has fully considered the parties' submissions. For the reasons set forth below, the Court adopts the well-reasoned and thorough R&R in its entirety, and in its discretion, grants plaintiff leave to

file an amended complaint.

## Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## Plaintiff's Objections

Plaintiff objected to the R&R on the following grounds: (1) the R&R did not consider that Nassau County did not dispute anything in plaintiff's summary judgment motions and (2) the R&R did not consider that "defendants were required to move pursuant to [Rule 56(e)] as well as 56.1 of the [Federal Rules of Civil Procedure]. " (Pl. Obj., at 1-2).

## Analysis

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the analysis and recommendations contained in the R&R in their entirety. Additionally, the Court concludes in its discretion that, given plaintiff's *pro se* status, he should be permitted to file an amended complaint as against Armor to include allegations relating to the alleged smuggling of razor blades, especially because plaintiff has not previously had the benefit of the Court's decision, in terms of the proper pleading standards with respect to those allegations.

In particular, the Court finds that the R&R correctly concluded that plaintiff's motions for summary judgment were premature, and should be denied without prejudice to re-filing a summary judgment motion at the close of discovery. The R&R correctly notes, citing to the Supreme Court decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), as well as Second Circuit authority, that "it is a general principle of federal civil procedure that summary judgment is appropriate only after each party has had an opportunity to engage in discovery and to develop the factual record." (R&R, at 8.)

Plaintiff objects to the R&R on the grounds that defendants did not oppose plaintiff's motions for summary judgment and did not "move pursuant to [Rule 56(e)]." (Pl. Obj., at 2). The Court concludes, however, that defendants' failure to oppose the summary judgment motions and/or address any of plaintiff's assertions of fact, does not affect the outcome of plaintiff's motions at this time. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."). It

4

is clear that defendants did not respond to his summary judgment motions because they are obviously premature, and not because defendants do not oppose them on the merits.

Here, plaintiff asks the Court, in the absence of any discovery, to grant summary judgment in his favor. However, "pre-discovery summary judgment is the exception rather than the rule and will be granted 'only in the clearest of cases.'" *Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp. 2d 352, 359–60 (S.D.N.Y. 2002) (quoting *Kleinman v. Vincent*, 1991 WL 2804 *1 (S.D.N.Y. Jan. 8, 1991)). The Court concludes that this is clearly not a case where a pre-discovery summary judgment motion is warranted. In particular, the Court notes, as did the R&R, that no discovery has been conducted, discovery is currently stayed, and that "[p]laintiff's own filings make clear that he seeks both discovery, and a trial on the merits of his claims for which he anticipates retaining the services of counsel." (R&R, at 9) (citations to the record omitted). In addition, Armor's motion to dismiss makes clear that there are factual issues that they dispute which are the proper subject of discovery (if plaintiff asserts a plausible claim). Furthermore, the County Defendants' Narrative Statement (ECF No. 62) demonstrates that there are numerous factual issues that need to be developed before the parties would be in a position to make, or defend against, summary judgment motions. As a result, the Court agrees with the R&R, and denies plaintiff's motions for summary judgment without prejudice, and with leave to re-file after the conclusion of discovery.

With respect to Armor's motion to dismiss, after *de novo* review, the Court agrees with the R&R that plaintiff's conclusory allegations regarding smuggling of razor blades into the jail

(including an online news article unrelated to that particular issue) are insufficient, even liberally construing his *pro se* pleadings, to state a plausible claim against Armor under Section 1983.[3]

The Court has also considered whether plaintiff should be granted leave to re-plead his claim against Armor. Although plaintiff did not request leave to re-plead, the Court believes plaintiff, who is proceeding *pro se*, should be afforded leave to amend his complaint. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Second Circuit has made clear that, under this liberal standard, that where plaintiff proceeds *pro se*, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations and quotation marks omitted); *accord Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). The Second Circuit has further emphasized the importance of following this procedure in *pro se* civil rights cases. *See, e.g.*, *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require[] that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them."). Although Magistrate Judge Tomlinson correctly noted that plaintiff has made numerous submissions to the Court and has already amended his complaint, the allegations regarding Armor employees smuggling razor blades into the Nassau County Correctional Facility are new. Given plaintiff's *pro se* status, the Court concludes that he should

---

[3] Although Armor did not file any objections, the Court has also reviewed the R&R as it relates to Armor's other arguments for dismissal and agrees with the analysis in the R&R in its entirety, including its rejection (at the motion to dismiss stage) of Armor's arguments regarding exhaustion of administrative remedies, the lack of personal involvement, and Armor's assertion that it was not the medical provider at the jail at the time of the alleged attack on plaintiff.

be permitted to file an amended complaint as against Armor to include allegations relating to the smuggling of razor blades, especially because plaintiff has not previously had the benefit of the Court's decision in terms of the proper pleading standards with respect to those allegations.

Accordingly,

IT IS HEREBY ORDERED that Armor's motion to dismiss is granted in its entirety, without prejudice.

IT IS FURTHER ORDERED that plaintiff's motions for summary judgment are denied in their entirety, without prejudice and with leave to re-file at the conclusion of discovery.

IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint to attempt to address the pleading defects regarding a claim against Armor identified in the R&R and this Order. In any amended complaint, plaintiff should also re-assert his allegations regarding the County defendants. Failure to do so will lead to dismissal of the claim against Armor with prejudice.

IT IS FURTHER ORDERED that defendants serve a copy of this Order on plaintiff.

SO ORDERED.

S/ JOSEPH F. BIANCO

Joseph F. Bianco
United States District Judge

Dated: March 18, 2019
Central Islip, New York